UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____6/7/16___
```

---------------------------------------------------------------X

ALYECE CUMMINGS and DANIEL LAPKA,           :
individually and on behalf of all others similarly     :
situation,                                                        :
                                                                  :                    16-CV-2338 (VEC)
                                            Plaintiffs,      :
                                                                  :                    TRANSFER ORDER
               -against-                                       :
                                                                  :
CHESAPEAKE ENERGY CORP., et al.,             :
                                                                  :
                                                                  :
                                            Defendants.   :
---------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiffs commenced this putative class action on March 30, 2016. Dkt. 1. The

Complaint asserts claims against Chesapeake Energy Corporation ("Chesapeake"), a publicly

traded Oklahoma company that produces oil and natural gas, and sixty-two other Defendants that

are subsidiaries of Chesapeake.[1] Plaintiffs' claims arise out of a debt exchange completed by

Chesapeake on December 31, 2015, in which Chesapeake offered senior secured notes only to

existing note holders who were Qualified Institutional Buyers or non-U.S. persons under the

Securities Exchange Act. Plaintiffs allege that because the exchange offer effectively created

two classes of note holders and impaired existing note holders' right to receive payment and to

sue for such payment, Chesapeake and the other Defendants as guarantors are liable for violation

of Section 316(b) of the Trust Indenture Act of 1939, 15 U.S.C. §§ 77aaa-77bbbb, breach of

contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

---

[1]       The vast majority of the Chesapeake subsidiary Defendants have corporate addresses at Chesapeake's
headquarters. Webb Decl. ¶ 11 (Dkt. 19).

Defendants have moved to transfer venue to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion is granted.

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). It is uncontested that this action could have been brought in the Western District of Oklahoma; that court would have had subject matter jurisdiction over the claims, personal jurisdiction over the Defendants, and would constitute proper venue. *See Safron Capital Corp. v. Chesapeake Energy Corp.*, No. 09 Civ. 1826 (LTS), 2009 U.S. Dist. LEXIS 93687, at *3 (S.D.N.Y. Oct. 6, 2009).

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the location of relevant documents and the relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y.C.*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). The moving party bears the burden of making a clear and convincing showing that transfer is warranted. *In re Nematron Corp. Secs. Litig.*, 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998). Nevertheless, "'[t]here is no rigid formula for balancing these factors and no single one of them is determinative.'" *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005) (quoting *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000)). "[M]otions for transfer lie within the broad discretion of the district

court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

Defendants have met their burden of making a clear and convincing showing that the relevant factors weigh in favor of transfer to the Western District of Oklahoma. The first four factors clearly favor transfer. The principal witnesses—those who made the decisions that are at the core of Plaintiffs' Complaint regarding the exchange offer and its structure—are senior executives of Chesapeake who are based at the Company's Oklahoma headquarters. *See* Dell'Osso Decl. ¶¶ 2, 4-7 (Dkt. 15); Mogret Decl. ¶¶ 2, 8, 10-11 (Dkt. 18); Webb Decl. ¶¶ 2, 5-8; Grigsby Decl. ¶ 1-3 (Dkt. 16); Johnson Decl. ¶¶ 1-4 (Dkt. 17). Another significant witness is Chesapeake's outside counsel for the exchange offer. That law firm is located in Houston, Texas, which is considerably closer to Oklahoma than to New York. Dell'Osso Decl. ¶ 21; Mogret Decl. ¶ 17. Although Evercore Partners, the financial adviser for the note exchange, is in New York, *see* Dell'Osso Decl. ¶ 22, the majority of the key witnesses are either in Oklahoma or closer to Oklahoma than to New York. Transfer also serves the convenience of the parties: Chesapeake's headquarters are in the transferee district; whereas Plaintiffs, residents of New Jersey who intend to form a nationwide class, have no particular ties to this district.[2] *See Safron Capital Corp.*, 2009 U.S. Dist. LEXIS 93687, at \*4. Moreover, the locus of the operative facts and the majority of the relevant documents are in the transferee district because the core of Plaintiffs' Complaint concerns Chesapeake's corporate decision-making vis-à-vis the note exchange. *See* Dell'Osso Decl. ¶¶ 5-8, 13-14, 20; Mogret Decl. ¶¶ 8-11, 15; Webb Decl. ¶¶ 6, 9; Grigsby Decl. ¶ 4; Johnson Decl. ¶¶ 5-7.

---

[2] Although the parties' affidavits did not specify that Plaintiffs are residents of New Jersey but only that they reside within 100 miles of the Courthouse, Plaintiffs' counsel admitted this fact at oral argument.

Plaintiffs' arguments that keeping this action in this district would not inconvenience Defendants or the witnesses are untenable.  Plaintiffs insist that Defendants' position that it is inconvenient to litigate in this district is disingenuous because Chesapeake has previously both filed a lawsuit in this district and defended a lawsuit in this district without seeking to transfer venue.  Pls. Opp. 4-5 (Dkt. 22).  But a defendant is not forever precluded from moving to transfer venue just because it has, once, twice, or even three times, litigated in a plaintiff's chosen forum.  Motions for transfer are determined "on a case-by-case basis."  *In re Cuyahoga Equip. Corp.*, 980 F.2d at 117.  Unlike Chesapeake's two prior lawsuits in this district, where the locus of operative facts was in this district or where other parties were based in this district, this action has no such ties to this district.  Varian Decl. Ex. A, ¶¶ 9, 17-19 (Dkt. 27-1), Ex. C, ¶¶ 18-20, 23, 25, 31 (Dkt. 27-3).  Similarly, in contrast with Plaintiffs' contention, Pls. Opp. 6-8, just because witnesses have previously travelled to this district from Oklahoma for litigation or professional work does not now mean that it would be convenient for those witnesses to travel to this district for this litigation.

Plaintiffs' arguments attempting to place the locus of operative facts in this district also fail.  Although it is true that New York investment banks worked on the exchange offer, that the financial adviser was located in New York, that the place of payment, the depository of the securities, and the information agent are located in New York, and that the notes are registered on the New York Stock Exchange, none of those facts is critical to the Plaintiffs' causes of action.  This Complaint exclusively concerns Chesapeake's decision to undertake the exchange offer and to structure it to the alleged detriment of U.S. non-Qualified Institutional Buyers who were existing noteholders.[3]  Although the New York financial advisory firm may have relevant

---

[3]      At oral argument Plaintiffs argued that, according to Chesapeake's proxy statement, the Finance Committee has oversight of transactions like the one at issue and at least two members of the Finance Committee own real

testimony, the fact that the firm allegedly advised Chesapeake on the structure of the exchange offer does not move the locus of operative facts from Oklahoma to New York given that the decision to do the offer—without which Plaintiffs would have no claim—was made in Oklahoma.

The remaining factors are neutral.  Indeed, Plaintiffs essentially concede that the availability of process to compel attendance of unwilling witnesses, trial efficiency, and the interests of justice are neutral factors.  Pls. Opp. 11-12, 15-16.  Although as a large company Chesapeake possesses greater financial assets than the individual Plaintiffs, Plaintiffs have not demonstrated that litigating in Oklahoma would "impose an undue hardship on the plaintiff class."  *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d at 405; *see also Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942 (JPO), 2015 WL 3767445, at *3 (S.D.N.Y. June 17, 2015) ("barring the 'demonstration of an undue burden on the plaintiff class,' the relative means factor is 'neutral in a securities class action.'" (quoting *Erickson v. Corinthian Colls., Inc.*, No. 13 Civ. 4308 (PKC), 2013 WL 5493162, at *7 (S.D.N .Y. Oct. 1, 2013))).  Nor does Plaintiffs' choice of forum militate against transfer given that less weight is given to a class-action plaintiff's choice of venue than is accorded to an individual Plaintiff's choice of forum.  *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d at 405 (citing, *inter alia*, *In re Warrick,* 70 F.3d 736, 741 n. 7 (2d Cir. 1995)).  As to the forum's familiarity with the governing law, district courts in Oklahoma are as qualified to resolve claims under the Trust Indenture Act, a federal statute, as this Court.  *See In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006) (District courts "are equally capable of applying the federal securities laws."

---

property in New York.  Even if members of the Board reside in New York, that does not undercut the evidence Defendants have presented demonstrating that the pertinent decisions that are at issue in Plaintiffs' Complaint were made in Oklahoma by people who work in Oklahoma.

(citations omitted)).  Plaintiffs' New York State law claims do not present any complex or novel

legal issues, making the forum's familiarity with the governing law a neutral factor, especially

given that this is one of the least important factors in deciding a motion to transfer.  *See Posven,*

*C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004).

Finally, Plaintiffs argue that Defendants' motion to transfer should be denied because

Defendants are forum shopping to avoid Trust Indenture Act precedent favorable to Plaintiffs in

this district and to transfer instead to a district that has minimal Trust Indenture Act precedent.

*See* Pls. Opp. 13, 17-19.  That could be true, but the argument has a "pot calling the kettle black"

quality to it.  Plaintiffs' selected forum has little or no connection with the parties or subject

matter, leading the Court to suspect strongly that Plaintiffs were forum shopping.  That being

likely, Plaintiffs' choice of forum is entitled to no weight.  *Polaroid Corp. v. Casselman*, 213 F.

Supp. 379, 383-84 (S.D.N.Y. 1962).  In short, taken together, the relevant factors support

transfer.

## CONCLUSION

Defendants' motion to transfer venue to the Western District of Oklahoma is GRANTED.

The Clerk of Court is directed to transfer this action to the United States District Court for the

Western District of Oklahoma and to terminate docket entry thirteen.  This order closes this

action.

**SO ORDERED.**

**Date:  June 7, 2016**                                    **VALERIE CAPRONI**
      **New York, New York**                          **United States District Judge**